*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-142

DECEMBER TERM, 2011

| | | |
|---|---|---|
| John Demgard | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Keith Masseroni and KAM Services, Inc. | } | DOCKET NO. 545-7-09 Rdcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Defendant KAM Services, Inc. appeals from a jury verdict awarding plaintiff John Demgard damages for the conversion of a bulldozer. Defendant contends that the trial court erred by allowing plaintiff to introduce inadmissible character evidence concerning defendant's carrying of weapons and to change his cause of action after he presented his case. We affirm.

In November 2009, plaintiff served a second amended complaint alleging that he had allowed defendants Keith Masseroni and KAM Services to use his bulldozer but that they had reportedly sold the machine, retained the proceeds from the sale, and produced a fraudulent bill of sale in an attempt to thwart plaintiff's claim of ownership. Plaintiff sought both compensatory and punitive damages for defendants' allegedly fraudulent acts. Trial by jury took place over two days in February 2011. At the close of plaintiff's evidence, defendants moved for judgment as a matter of law under Vermont Rule of Civil Procedure 50, arguing that plaintiff failed to produce evidence showing that the bulldozer was sold. The court denied the motion and allowed the case to proceed on a claim of conversion. At the close of evidence, the jury determined that Masseroni had no individual liability, but that defendant KAM Services was liable for $20,000 in compensatory damages, which represented the value of the converted bulldozer, and $1 in punitive damages. Upon denial of defendant's motion for new trial, this appeal followed.

Defendant first argues that the court erred by allowing plaintiff to present evidence that Masseroni carried a gun and a knife, and was known to ask of others: "Would you prefer to die by stainless or blade today?" Plaintiff fails to demonstrate that his substantial rights were affected by the admission of the only evidence to which he objected.

At trial, plaintiff first called Masseroni to the stand and asked him early on in the questioning: "Do you carry a gun ever, sir?" Masseroni answered in the affirmative before his counsel objected on grounds of relevance. When the court asked plaintiff's counsel to explain the basis for asking the question, he stated that because "there's a disagreement as to who did what to whom in this matter," it was "important that everyone understands the nature of the relationship" and "the basis of Mr. Masseroni's methodologies of doing business and the way he does things." The court overruled the objection. Plaintiff's counsel then asked Masseroni if he also carried a "switch knife," to which Masseroni answered in the affirmative. Plaintiff's counsel then asked Masseroni if he had ever been heard to say: "Would you prefer to die by

stainless or blade today?" Masseroni answered that he had never made such a statement to anyone. When plaintiff's counsel asked him if he had made such a statement to plaintiff or another named person, Masseroni insisted that he had not. Defendant's counsel made no objection, other than to the initial question asking Masseroni whether he ever carried a gun.

Later, during the first day of trial, plaintiff's counsel then asked plaintiff if Masseroni had ever made the "die by stainless or blade" statement to him. Plaintiff responded that Masseroni had made such a statement to him, but as a "joke" and "[i]n fun" during their usual verbal sparring. Plaintiff further answered that, "it was just fun, but, you know, it's always there." Defendant's counsel did not object to this questioning. During the second day of trial, plaintiff's counsel asked another witness whether Masseroni was known to carry a gun and a knife, to which the witness answered in the affirmative. Defendant's counsel did not object to this questioning. Defendant argued in its motion for a new trial that the court erred by admitting character evidence concerning whether Masseroni carried a gun and knife and made the "die by stainless or blade" statement. The trial court denied the motion, ruling in part that defendants failed to show that an objection was "timely made . . . as to each of the evidentiary issues mentioned." Defendant bears a heavy burden in challenging the trial court's evidentiary ruling. See In re Odessa Corp., 2006 VT 35, ¶ 14, 179 Vt. 640 (recognizing that trial court has broad discretion in ruling on admissibility of evidence and that party claiming such abuse of discretion bears heavy burden).

From the record submitted on appeal, it would seem defendant is correct that the evidence was irrelevant to any of the issues at trial and therefore inadmissible. See V.R.E. 402.[*] Further, it was inadmissible as character evidence because it did not "refer only to character for truthfulness or untruthfulness," as required under Vermont Rule of Evidence 608(a). On appeal, plaintiff argues that the evidence went to Masseroni's credibility because he denied making the "die by stainless or blade" statement while two other witnesses testified that he did make such a statement to them. Plaintiff cannot elicit inadmissible testimony and then justify it by eliciting extrinsic testimony from other witnesses to challenge the credibility of the initial inadmissible testimony. In particular, specific instances of conduct aimed at attacking the credibility of a witness "may not be proved by extrinsic evidence." V.R.E. 608(b).

Notwithstanding that the challenged evidence was irrelevant, defendant objected only to the question of whether Masseroni carried a gun. Allowing the jury to hear that defendant had carried a gun in the past, which suggested nothing illegal, would have no apparent effect on defendant's substantial rights in the context of this case dealing with the ownership and control of a bulldozer. See V.R.C.P. 61 (providing that no error in admission of evidence is grounds for setting aside verdict "unless refusal to take such action appears to the court inconsistent with substantial justice"); see also In re B.S., 163 Vt. 445, 454 (1995) (stating that "erroneous admission of evidence is grounds for reversal only if a substantial right of the party is affected").

There may have been prejudice from the additional questions about Masseroni's carrying a knife and his arguably aggressive statements that were confirmed, despite his denial, but defendants interposed no objection to these inquiries. Any prejudice may also have been mollified by plaintiff's explanation that Masseroni's statements were in jest. In any event, absent an objection, defendant cannot claim error. See V.R.E. 103(a)(1) (stating that error may not be predicated upon ruling admitting evidence unless substantial right of party is affected and timely objection was made stating specific grounds for objection); Damone v. Damone, 172 Vt. 504,

---

[*] Plaintiff apparently argued to the jury that defendant was intimidating, but this was not connected with any particularity to the proffer on relevance and was not pursued on appeal.

515 (2001) (stating that because defendant failed to object to court admitting and relying upon testimony of guardian ad litem, he "cannot now claim on appeal that admission of the GAL's testimony was error"). Nor was this a situation where the trial court made a "definitive" evidentiary ruling that obviated the need for renewed objection. See V.R.E. 103(a)(2). After the court overruled defendant's objection to the gun inquiry, the follow-up questions were sufficiently different in topic or scope as to warrant new objections.

Defendant also argues that the trial court erred by allowing plaintiff to change his cause of action at the close of his evidence. We find no merit to this claim of error. Plaintiff's second amended complaint alleged that defendant had "reportedly" sold the bulldozer and appropriated the proceeds. At the close of plaintiff's evidence, defendants moved for judgment as a matter of law because plaintiff failed to prove that they sold the bulldozer as claimed in his complaint. Plaintiff responded that the evidence at trial showed nonetheless that defendants still possessed the bulldozer, and that the jury should be allowed to find that defendants converted the bulldozer to their own use. In effect, plaintiff asked the court to allow him to put a conversion claim before the jury to conform his complaint to the facts actually disputed at trial. See V.R.C.P. 15(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

Defendants did not object to plaintiff's proposal, but rather maintained that plaintiff failed to meet all of the necessary elements of conversion. Now, for the first time on appeal, defendant argues that he was prejudiced by the altered cause of action during trial because he had not prepared to defend against a claim of conversion. The record does not support this contention. During the discussion on his Rule 50 motion, defendant told the court that he "assumed conversion was going to come into play" and so tried to prepare for it. Defendant explained that the "only problem" was figuring out the typical damages for conversion, and wished "to look that up a little bit more." The court agreed to defer its ruling on the motion until the close of all of the evidence. In short, not only did defendants fail to counter plaintiff's contention that a conversion claim would conform to the case actually presented at trial, but they acquiesced to the court's decision allowing plaintiff to go forward with the conversation claim. Accordingly, we find no error.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

3